## Matter of Ali-GoPaul v City of New York

2024 NY Slip Op 32864(U)

August 14, 2024

Supreme Court, New York County

Docket Number: Index No. 158509/2023

Judge: Shahabuddeen Abid Ally

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    **HON. SHAHABUDDEEN ABID ALLY**           PART 16TR
                           *Justice*

---

In the Matter of the Application of MERLIN ALI-GOPAUL,

                  Petitioner,

For a Judgment Under Article 78 of the Civil Practice Law and Rules

                -against-

CITY OF NEW YORK, NEW YORK CITY OFFICE OF ADMINISTRATIVE TRIALS AND HEARINGS, THE CITY OF NEW YORK ENVIRONMENTAL CONTROL BOARD, and NYC DEPARTMENT OF BUILDINGS,

                  Respondents.

| | |
|---|---|
| INDEX NO. | 158509/2023 |
| MOTION DATE | 1/19/2024 |
| MOTION SEQ. NO. | 001 |

## DECISION & ORDER

---

The following e-filed documents, listed by NYSCEF document number, were read on this motion (Seq. No. 1) to/for **CPLR ARTICLE 78 (BODY OR OFFICER)**: 1-5, 9-29, 36-39, 41

---

In this Article 78 proceeding, commencing by Verified Petition and Notice of Petition on August 28, 2023, petitioner seeks an order vacating and annulling respondent NEW YORK CITY OFFICE OF ADMINISTRATIVE TRIALS AND HEARINGS's ("OATH") determinations denying petitioner's requests to vacate the default judgments entered on Summonses Nos. 35477564L and 35477565N. Respondents cross-move for an order, pursuant to CPLR 3211(a)(5) and CPLR § 7804(f), dismissing the Verified Petition as untimely filed. Oral argument on the motion and cross-motion was held before the Court via Microsoft Teams on August 13, 2024. For the reasons discussed below, respondents' cross-motion to dismiss is **GRANTED**, and the Verified Petition and Notice of Petition are **DENIED**.

## A.    BACKGROUND

### i.    Summons No. 35477564L

Petitioner Merlin Ali-GoPaul ("Petitioner") is the owner of the property located at 242-10 89th Avenue, Bellerose, New York (the "Property"). On January 14, 2021, respondent NYC

158509/2023 Merlin Ali-GoPaul v. City of New York et al.          Page 1 of 6
Mot. Seq. No. 1

1 of 6

[* 1]

DEPARTMENT OF BUILDINGS (the "DOB") issued Petitioner Summons No. 35477564L for a violation of New York City Administrative Code ("Administrative Code") § 28-118.3.2. (NYSCEF Doc. 13) Specifically, Petitioner was alleged to have converted the cellar and attic of the Property to sleeping quarters, contrary to the existing certificate of occupancy. (*Id.*) Petitioner failed to appear at the August 17, 2021 OATH hearing, and a default decision was entered and mailed to Petitioner and her counsel. (*Id.* Doc. 15) The default decision assessed a fine against Petitioner in the amount of $6,250. (*Id.*)

On September 3, 2021, Petitioner moved before OATH to vacate the default decision. (*Id.* Doc. 16) The request was granted, and a new hearing date was set for March 8, 2022. (*Id.* Doc. 17) The OATH hearing officer subsequently adjourned the March 8, 2022 hearing to June 21, 2022. (*Id.* Doc. 18) Petitioner failed to timely appear at the June 21, 2022 hearing, and OATH issued a second default decision dated June 28, 2022. (*Id.* Doc. 19) The fine assessed against Petitioner remained $6,250. (*Id.*)

On June 27, 2022, prior to the second default decision on Summons No. 35477564L being issued, Petitioner requested a new hearing, based on an email request, timestamped several hours *after* the start time of the June 21, 2022 hearing, requesting information to access the hearing. (*Id.* Doc. 20) On June 30, 2022, OATH issued a letter denying Petitioner's request for a new hearing because Petitioner did not establish that exceptional circumstances prevented her from appearing at the scheduled hearing. (*Id.* Doc. 21)

After a series of additional subsequent Petitioner requests for a new hearing, on March 1, 2023, OATH issued a final letter to Petitioner stating that an OATH hearing officer had, on June 30, 2022, already denied Petitioner's request for a new hearing and that, under OATH Rules Section 6-21(j), that previous June 30, 2022 denial was the agency's final determination. (*Id.* Doc. 25)

### ii. Summons No. 35477565N

On January 14, 2021, the DOB issued Petitioner Summons No. 35477565N for a violation of Administrative Code § 28-105.1. (*Id.* Doc. 26) Specifically, Petitioner was alleged to have performed construction work without a permit while converting the cellar and attic of the Property to sleeping quarters. (*Id.*) Petitioner failed to appear at the January 25, 2022 OATH hearing, and a default decision was entered. Petitioner thereafter paid the full assessed fine of $503.33. (*Id.* Doc. 27)

158509/2023 Merlin Ali-GoPaul v. City of New York et al.
Mot. Seq. No. 1

Page 2 of 6

[* 2]

On August 8, 2022, Petitioner moved before OATH to vacate the default, arguing that Petitioner had been operating under the mistaken belief that the proceedings relating to Summons No. 35477565N had been consolidated with the proceedings relating to Summons No. 35477564L and thus the next appearance on both was March 8, 2022. (*Id.* Doc. 4 at pp. 39-42, ¶ 4) Petitioner filed another request to vacate electronically on February 27, 2023. (*Id.* Doc. 28)

On March 3, 2023, OATH issued a final letter to Petitioner stating that an OATH hearing officer had, on February 9, 2022, already denied Petitioner's second request for a new hearing and that, under OATH Rules Section 6-21(j), that previous February 9, 2022 denial was the agency's final determination. (*Id.* Doc. 29)

## B.    DISCUSSION

CPLR § 3211(a)(5) provides that a party may move to dismiss a claim where the cause of action may not be maintained due to, *inter alia*, commencement past the applicable limitations period. A defendant who seeks dismissal pursuant to this provision bears the initial burden of establishing *prima facie* that the time in which to sue has expired. *Singh v. N.Y.C. Health & Hosps. Corp.*, 107 A.D.3d 780, 781 (2d Dep't 2013). If so established, the burden shifts to the plaintiff to raise a question of fact as to whether the statute of limitations was tolled or was otherwise inapplicable, or whether the suit was commenced within the asserted period. *Id.*

A special proceeding commenced pursuant to Article 78 to challenge an administrative agency's final determination must be made within four months after the determination becomes final. CPLR § 217(1); *Solnick v. Whalen*, 49 N.Y.2d 224, 232-33 (1980). A determination becomes final once it "impose[s] an obligation, den[ies] a right, or fix[es] some legal relationship as a consummation of the administrative process." *Essex County v. Zagata*, 91 N.Y.2d 447, 453 (1998) (quoting *Chicago & S. Air Lines v. Waterman Corp.*, 333 U.S. 103, 113 (1948)). An agency decision is not final if the party's grievance may be "prevented or significantly ameliorated by further administrative action or by steps available to the complaining party." *Id.* (quoting *Church of St. Paul & St. Andrew v. Barwick*, 67 N.Y.2d 510, 520 (1986)).

Pursuant to City Charter § 1049-a and the rules set forth in Title 48 of the Rules of the City of New York ("RCNY"), adjudication of summonses based on alleged violations of laws and regulations overseen by the DOB is conducted by OATH. A party that fails to appear on the designated hearing date may be held in default by OATH and thereafter be subject to the fine

158509/2023 Merlin Ali-GoPaul v. City of New York et al.
Mot. Seq. No. 1

Page 3 of 6

3 of 6

[* 3]

prescribed for the given violation. City Charter § 1049-a(d)(1)(d). A party who has received a default determination may request a new hearing (48 RCNY § 6-21(a)), and a *first* request submitted within seventy-five days of the default will be granted (*id.* § 6-21(b)). Requests made after sixty days of the default but within one year must include a statement setting forth a reasonable excuse for the default and are granted at the Hearing Officer's discretion. *Id.* § 6-21(c). Requests submitted outside these periods may be granted upon a showing of "exceptional circumstances and in order to avoid injustice." *Id.* § 6-21(f). A denial of such a request constitutes a final agency determination and is not subject to further review by or appeal to OATH and can only be challenged in an Article 78 proceeding. *Id.* § 6-21(j).

Respondents have established that this Article 78 proceeding is untimely under CPLR § 217(1). With respect to Summons No. 35477564L, OATH's final determination, pursuant to 48 RCNY § 6-21(j), was made on June 30, 2022, when OATH denied Petitioner's second request for a new hearing. Petitioner commenced this proceeding on August 28, 2023, more than a year later and thus well beyond the applicable four-month statute of limitations under CPLR § 217(1). Further, even if the March 1, 2023 letter from OATH to Petitioner constitutes the final agency determination, this proceeding would still have been commenced more than a month after the statute of limitations expired.

Similarly, with respect to Summons No. 35477565N, OATH's final determination, pursuant to 48 RCNY § 6-21(j), was made on February 9, 2022, more than a year and five months before the commencement of this proceeding. And even if the March 3, 2023 letter from OATH to Petitioner constitutes the final agency determination, this proceeding would again still have been commenced more than a month after the statute of limitations expired. Thus, this proceeding is untimely with respect to OATH's final determinations concerning both Summonses Nos. 35477564L and 35477565N.

Petitioner concedes that this proceeding is untimely as to her challenge to Summons No. 35477565N (NYSCEF Doc. 36, ¶ 3) but maintains that the proceeding is timely as to her challenge to Summons No. 35477564L because Petitioner's *counsel* did not receive OATH's March 1, 2023 letter until August 7, 2023 (*id.*, ¶¶ 4, 9-13). Petitioner's argument is unavailing, however, for two reasons. *First*, as just determined, OATH's June 30, 2022 denial of Petitioner's second request for a new hearing was the final agency determination that started the statute of limitations running,

158509/2023 Merlin Ali-GoPaul v. City of New York et al.
Mot. Seq. No. 1

Page 4 of 6

4 of 6

[* 4]

so whether Petitioner's counsel received the March 1, 2023 letter and when is irrelevant to the analysis. *Second*, even if the March 1, 2023 letter were the final agency determination, respondents establish that the letter was mailed by first-class mail to Petitioner at the address to which Petitioner's Property Tax Bill Quarterly Statements are mailed. (*See* NYSCEF Doc. 25 at pp. 4-5) Petitioner fails to explain or support, by citation to relevant statute or caselaw, why this notice, which complies with New York City Charter § 1049-a(d)(1)(h) and 48 RCNY § 6-20(d), is insufficient to put Petitioner on notice or why Petitioner's *counsel* must instead have been served.

Accordingly, it is hereby:

**ORDERED and ADJUDGED** that respondents' cross-motion (Seq. No. 1), pursuant to CPLR 3211(a)(5) and CPLR § 7804(f), to dismiss the Verified Petition as untimely is **GRANTED**; and it is further

**ORDERED and ADJUDGED** that the Verified Petition and Notice of Petition (Seq. No. 1) are **DENIED**, and this proceeding is **DISMISSED**; and it is further

**ORDERED** that respondents shall serve a copy of this Decision and Order upon the Clerk of the General Clerk's Office with notice of entry within twenty (20) days thereof; and it is further

**ORDERED** that service upon the Clerk of Court shall be made in accordance with the procedures set forth in the Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases (Revised August 15, 2019);[1] and it is further

**ORDERED** that any requested relief not expressly granted herein is denied; and it is further

**ORDERED** that the Clerk shall mark Motion Sequence 1 decided in all court records; and it is further

**ORDERED** that the Clerk shall mark this proceeding disposed in all court records.

This constitutes the decision and order of the Court.

| August 14, 2024 | |
|---|---|
| **DATE** | **SHAHABUDDEEN ABID ALLY, A.J.S.C.** |
| CHECK ONE: [X] CASE DISPOSED | [ ] NON-FINAL DISPOSITION |

---

[1] The protocols are available at https://www.nycourts.gov/LegacyPDFS/courts/1jd/supctmanh/Efil-protocol.pdf.

158509/2023 Merlin Ali-GoPaul v. City of New York et al.
Mot. Seq. No. 1

Page 5 of 6

[* 5]